No. 82-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

BLUMFIELD AGENCY, BILL EDWARDS
and DUROCHER REALTY,

Plaintiffs and Appellants,

-vs-

LITTLE BELT, INC., a Mont. corp.,
RUSSELL B. PEDERSON, JEROME D.
PEDERSON, and WALLACE PEDERSON,

Defendants and Respondents.

Appeal from:  District Court of the Fourteenth Judicial District,
In and for the County of Wheatland, The Honorable
Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Alexander & Baucus; Ward E. Taleff, Great Falls,
MT
Graybill, Ostrem, Warner & Crotty; Donald L.
Ostrem, 18-6th St. No., Ste. 200, Great Falls,
Montana

For Respondents:

Moore, Rice, O'Connell & Refling; Mary Lou Schlegal,
P. O. Box 1288, Bozeman, MT  59715

Submitted on Briefs:  December 16, 1982

Decided:  April 28, 1983

Filed: APR 28 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs appeal a summary judgment of the Wheatland District Court which denied them recovery of a real estate commission and which held them liable for the defendants' attorney fees.

The facts are not in dispute. Whether plaintiffs are entitled to a real estate commission depends on the interpretation of the language in a listing agreement which provides that the brokers were "employed . . . to sell or exchange the property described hereon at the selling price and on the terms noted.. . ." Plaintiffs would give no meaning to this language and would also ignore our previous holding in Diehl and Associates, Inc. v. Houtchens (1977), 173 Mont. 372, 567 P.2d 930, where we interpreted virtually identical language. On the attorney fees question, Blumfield Agency argues that the fee awarded is excessive; plaintiff Durocher Realty argues it should not be bound by the award of attorney fees because it was not a party to the agreement between Blumfield Agency and the defendants. We affirm.

Defendants own a ranch in Wheatland County and listed it for sale through the Blumfield Agency of Great Falls. After obtaining the listing, Blumfield Agency, pursuant to an authorization in the listing agreement, enlisted the aid of Durocher Realty in September to help sell the ranch. These agencies entered into a cooperative agreement. The listing agreement, a standard preprinted form, with print so small it is hardly readable, provided that the Blumfield Agency was employed ". . . to sell or exchange the property described

2

hereon at the selling price and on the terms noted . . ."
(Emphasis added.)

On September 16, 1980, six days after the listing agreement was signed, Robert Durocher, working as the Durocher Agency, found a prospective buyer and presented an earnest money and buy-sell agreement to the defendant-sellers, and the defendants signed the agreement on the same day. Before the sale could be completed, however, problems developed.

Farmers Home Administration held a mortgage on the property, a fact known to all parties (and to the plaintiffs) at the time the buy-sell agreement was signed. Both the defendant-sellers and the prospective purchasers proceeded on the assumption the mortgage could be assumed and for the same interest rate. The Farmers Home Administration would only transfer the loan if certain conditions were met. The prospective purchasers were either unable or unwilling to assume those conditions. One of the conditions was that the interest rate be doubled.

The defendant-sellers were at all times willing to complete the sale on the terms of the buy-sell agreement with the prospective buyers. It appears that the prospective purchasers were also willing to do so, but Farmers Home Administration imposed conditions which in effect changed the terms of the buy-sell agreement. The deal fell through.

The plaintiffs, without consent of or even notice to the defendant-sellers, returned the earnest money payment to the prospective purchasers and by so doing terminated the buy-sell agreement. A short time later the plaintiff-realtors filed suit against the defendant-sellers asking for commissions in the amount of $199,500 and attorney

3

fees as provided for in the listing agreement. After extensive discovery, both parties moved for summary judgment. Summary judgment was granted to the defendant-sellers and this appeal followed.

The controlling authority is Diehl and Associates, Inc. v. Houtchens, supra. The language in the listing agreement in Diehl is almost identical to the language in the listing agreement in this case. In Diehl, we held that a listing agreement that employs a broker to sell property does not entitle the broker to a commission until the sale is completed--title must pass and the purchase price must be paid. Diehl, 173 Mont. at 379, 567 P.2d at 935. There, we explained the differences in real estate contracts which contain this kind of language and those which merely require that the broker find a buyer who is ready, willing and able to perform. The language here provides that the broker is employed to "sell or exchange the property," and it clearly falls within our holding in Diehl.

The undeniable situation in this case is that the defendant-sellers were at all times willing to perform on the conditions of the buy-sell agreement and it appears that the prospective purchasers were also. However, a third party, the Farmers Home Administration, effectively changed the conditions by insisting, among other things, that the interest rate be doubled. Neither the seller nor the prospective purchaser can be faulted in this situation. Given these circumstances, it would be manifestly unconscionable to now permit the brokers to recover a $199,500 commission. A commission was to be paid only upon completion of a sale.

4

The listing agreement provided that in the event of a dispute and court action, attorney fees for trial and appellate work would be paid to the prevailing party. The trial court ordered that the plaintiffs pay $8,415 in attorney fees.

The position of the plaintiffs in this appeal is baffling. One law firm filed a brief on behalf of the Blumfield Agency and Bill Edwards. Another law firm filed a brief on behalf of Durocher Realty. The Blumfield Agency and Bill Edwards have not raised any issue concerning attorney fees. Accordingly, for this reason alone we affirm the award of attorney fees as against Blumfield Agency and Bill Edwards.

On the other hand, Durocher Realty raises two issues with regard to attorney fees. First, Durocher claims that he should not have to pay any attorney fees because he was not a party to the listing agreement but only assisted Blumfield Agency in finding a purchaser. Second, Durocher argues for several reasons, but without any citation to the record, that the fee is too high. We affirm on both issues.

Blumfield Agency and Durocher Realty signed a co-brokers' agreement, and by its terms Durocher Realty could share in the commission if a sale was completed. In filing suit here, Durocher Realty did precisely that--Durocher claimed a broker's fee for finding a purchaser. The complaint did not separate the claims of Blumfield Agency and Durocher Realty--both sued for a commission and asked for payment of attorney fees if they prevailed. If Durocher can avail himself of the benefits of the listing agreement in the event he won, it is hardly fair that he can disavow the burdens of this listing agreement because he lost. A party

cannot avail himself of the benefits of a contract on the one hand but avoid the burdens of that same contract on the other hand.

Durocher, without reference to the record, claims several factors were considered which made the attorney fees too high.  Nor does he cite any authority for his position.  We cannot believe therefore, that Durocher is serious about his claim.  If so, it would have been presented with references to the record and with citations of authority.  The attorney fees award as to Durocher is also affirmed.

The order granting summary judgment to defendants and awarding attorney fees is affirmed.

Daniel J. Shea
_____
Justice

We Concur:

John Conway Harrison
_____

_____

_____
Justices

6

Mr. Justice Frank B. Morrison, Jr. dissenting:

I respectfully dissent.

The undisputed facts establish that defendants entered into a real estate broker's employment contract with plaintiffs Blumfield Agency and Bill Edwards for the sale of their real property. The brokers employment contract provided for the payment of a commission equal to seven percent of the selling price of the real property. That contract of employment stated as follows:

> "For value received, you hereby are employed to sell or exchange the property described hereon at the selling price and on the terms noted. You hereby are authorized to accept the deposit on the purchase price. You may, if desired, secure the cooperation of any other broker, or group of brokers, in procuring a sale of said property. In the event that you, or any other brokers cooperating with you, shall find a buyer ready and willing to enter into a deal for the said price and terms, or such other terms and prices I may accept, or that during your employment you place me in contact with a buyer to or through whom at any time within a 180 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal to seven percent of the above stated selling price." (emphasis added)

On September 15, 1980, plaintiff Durocher Realty, cooperating with the listing agreement of plaintiff Blumfield Agency, presented to the defendants an executed earnest money receipt and agreement to sell and purchase. Subsequent to the execution of the purchase and sale agreement, problems arose between defendants and the purchasers over the assumption of an existing mortgage with the Farmers Home Administration. Negotiations aimed at compromise were conducted, but the ultimate transfer of the real property between purchaser and seller never took place. The agreement to sell and purchase was not conditioned upon assumption of the FHA mortgage and no showing was made that the purchasers were financially unable to complete the transaction.

7

The plaintiffs performed under the listing agreement and were entitled to their commission. The brokers' work was finished. What subsequently transpired between sellers and purchasers is of no consequence. Under the listing agreement plaintiffs are entitled to their commission.

I would reverse and remand with directions to enter judgment in favor of plaintiffs.

Justice